UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUELLA LEWIS GILREATH,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>Defendant. | Case No. EDCV 13-2285-DSF (JEM)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, the records on file, and the Report and Recommendation of the United States Magistrate Judge. Defendant has filed Objections, and the Court has engaged in a de novo review of those portions of the Report and Recommendation to which Defendant has objected.

The Court accepts the findings and recommendations of the Magistrate Judge. The only issue on review is whether the ALJ had sufficient evidence to determine that there were jobs in the economy that Plaintiff could fill at the level of disability that the ALJ found. The relevant disability here is that the ALJ found that Plaintiff could not sit or stand for more than four hours – that is, she couldn't hold a job requiring her to sit for more than four hours or to stand for more than four hours. The Dictionary of Occupational Titles (DOT) categorizes jobs as sedentary, light duty, medium duty, etc., and sets out the general physical requirements of such

categories. As relevant here, the DOT states that light duty jobs generally require substantial standing unless the position is one where the worker sits while manipulating hand or foot controls. The government concedes that light duty work typically requires six or more hours of standing per day, and there does not appear to be any dispute that Plaintiff could not perform light duty jobs as a general matter. In fact, the vocational expert (VE) and the ALJ both found that Plaintiff was incapable of returning to her previous sedentary secretary job because of the extensive sitting requirement. The ALJ asked the VE for examples of jobs that could be done by the Plaintiff given hypothetical physical limitations that the ALJ later adopted. The VE stated that Plaintiff could perform the functions of "Cashier II," "Assembler, small products," and "Assembler, electrical accessories." These are all light duty jobs under the DOT. But the VE never explains why these light duty jobs can be done by Plaintiff when the light duty requirements, as described in the DOT, are inconsistent with Plaintiff's inability to stand for more than four hours per day. Ninth Circuit law is clear that when a VE's testimony varies from the descriptions in the DOT, there must be persuasive evidence to support the variance in order for the ALJ to rely on it. See Light v. SSA, 119 F.3d 789, 793-94 (9th Cir. 1997). In this case, the VE just listed the three occupations as consistent with Plaintiff's limitations and the ALJ adopted the VE's testimony about the jobs as consistent with the DOT. There is no explanation for why Plaintiff could perform these specific light duty jobs, but not light duty jobs in general. (See AR 56-57.) That is, there is no testimony that these three jobs have the proper mix of sitting and standing that Plaintiff requires despite the DOT's suggestion that the jobs require extensive standing. The Commissioner seems to take the position that the mere fact of the VE's testimony makes the ALJ's decision supported by substantial evidence. But this ignores the Ninth Circuit precedent on the required showing where the VE's testimony diverges from the DOT.

IT IS ORDERED that Judgment be entered REVERSING the decision of the Commissioner of Social Security and REMANDING this matter for further proceedings consistent with the Report and Recommendation.

DATED: 12/11/14

DALE S. FISCHER
UNITED STATES DISTRICT JUDGE